UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>DAVIS MCALLAN SEYMOUR<br>LANITA MARIE SEYMOUR<br>　　DEBTORS. | CASE NO. 14-71376-pmb<br><br>CHAPTER 13 PROCEEDING |
| SHELLPOINT MORTGAGE SERVICING<br>　　MOVANT,<br><br>VS.<br>DAVIS MCALLAN SEYMOUR, Debtor<br>LANITA MARIE SEYMOUR, Debtor<br>ADAM M. GOODMAN, Trustee,<br><br>　　RESPONDENTS. | CONTESTED MATTER |

**MOTION TO APPROVE LOAN MODIFICATION**

COMES NOW the Movant in the above-styled Chapter 13 case, and through counsel, files this "Motion to Approve Loan Modification" by showing to this Honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151 and 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157(b) (2) (D).

4.

The Debtor filed the petition for relief in the above-styled Chapter 13 case on October 30, 2014.

5.

In the Chapter 13 schedules, the Debtors lists an interest in real property located at 1565 Smithson Court, Lithonia, GA  30058.

6.

The Debtors and mortgage lender, Shellpoint Mortgage Servicing have reached an agreement to modify the loan in accordance with the attached loan modification documents which are attached hereto as Exhibit "A". The Debtor's interest rate will be reduced from 6.500% to 4.000% and the Debtor's monthly principal and interest payment will be $549.98 beginning July 1, 2016 and will continue through April 1, 2055.  The principal balance of the loan will be $193.183.36 which consists of $63,183.36 in principal forgiveness which the Debtors will not pay any interest or monthly payments on.

7.

The Movant believes that the loan modification is in the best interest of the estate and creditors and that such a modification will assist in the effectuation of the Debtor's financial reorganization.

WHEREAS, Debtor prays:

(a) that this Motion be filed, read and considered;

(b) that this Motion be granted; and,

(c) that this Honorable Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

BY:  /s/  Travis E. Menk
Travis E. Menk
Attorney For Movant
State Bar No. 632610

BROCK & SCOTT, PLLC
5121 Parkway Plaza Blvd, Suite 300
Charlotte, NC 28217
Ph : (704) 369-0676 x3004
Fx : (704) 369-0760

Upon recording return to:
Shellpoint Mortgage Servicing
75 Beattie Place Suite 300 (MS 157)
Greenville, SC 29601
Telephone: 864-248-8650

_____ [Space Above This Line For Recording Data]_____

# MODIFICATION AGREEMENT

Borrower ("I"):[1] Lanita Seymour
Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 2007-09-04
Loan Number: ▮▮▮▮▮▮▮▮
Property Address ("Property"):1565 Smithson Court, Lithonia, GA 30058

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  The Property has not been condemned;
    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;
    D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program"));
    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;
    F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and
    G.  I have made or will make all payments required under a trial period plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

    B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 7/1/2016 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on 7/1/2016.

    A.  The Maturity Date will be: 4/1/2055.

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $193,183.36 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. $63,183.36 of the New Principal Balance shall be Principal Forgiveness and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Principal Forgiveness shall be referred to as the 'Interest Bearing Principal Balance' and this amount is130,000.00. Interest at the rate of 4.000% will begin to accrue on the Interest Bearing Principal Balance as of 6/1/2016 and the first new monthly payment on the Interest Bearing Principal Balance will be due on 7/1/2016. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-39 | 4.000% | 6/1/2016 | $549.98 | $244.08, may adjust periodically | $794.06, may adjust periodically | 7/1/2016 | 466 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements**. I agree to the following.

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

   B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

   Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

   E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect, nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan, (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

Space Below This Line For Individual Acknowledgement

BORROWER _____ (Seal)  CO-BORROWER _____ (Seal)

Signed, acknowledged and delivered in the presence of:

Witness _____ (Seal)  Witness _____ (Seal)

State of _Georgia_
County of _Gwinnett_

I certify that the following person (s) _Lanita Seymour_ and _____ personally appeared before me this day, and ( ✓ ) I have personal knowledge of the identity of the principal (s) ) ( ___ I have seen satisfactory evidence of the principal's identity, by a current state or federal identification evidence of the principal's identity photograph in the form of a _N/A_ ) ( ___ credible witness has sworn to the identity of the principal (s) ) ; each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Witness my hand and official seal, this _31st_ day of _May_, 20_16_.

Notary Signature _Deborah Simmonds_ (Seal)

Witness _____ (Seal)

Typed/printed name: _Deborah Simmonds_
Notary Public, State of: _Georgia_
(VA Notaries) Reg. No.: _____
My Commission Expires: _May 23, 2020_

(Official Seal)
DEBORAH C. SIMMONDS
Notary Public, Georgia
Gwinnett County
My Commission Expires
May 27, 2014

Space Below This Line For Corporate Acknowledgement

Authorized Signer (Lender) Title _____ Cynthia M. Brock, Manager (Seal)
Signed, acknowledged and delivered in the presence of:

Witness _____ (Seal) Witness _____ (Seal)

State of _SC_
County of _Greenville_

I certify _Cynthia M Brock_ personally appeared before me this day and acknowledged that he or she is an authorized signer for Shellpoint Mortgage Servicing ("Shellpoint") I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this _8_ day of _June_, 20_16_.

Notary Signature _Elvalina L. Barksdale_ (Seal)

Witness _____ (Seal)

Typed/printed name: _____
Notary Public, State of: _____
(VA Notaries) Reg. No.: _____
My Commission Expires: _____

(Official Seal)
ELVALINA L. BARKSDALE
MY COMMISSION EXPIRES
4/15/2024
NOTARY PUBLIC
SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:
DAVIS MCALLAN SEYMOUR
LANITA MARIE SEYMOUR                    CASE NO. 14-71376-pmb
   DEBTORS.
                                       CHAPTER 13 PROCEEDING

SHELLPOINT MORTGAGE SERVICING
   MOVANT,                              CONTESTED MATTER

VS.
DAVIS MCALLAN SEYMOUR, Debtor
LANITA MARIE SEYMOUR, Debtor
ADAM M. GOODMAN, Trustee,

   RESPONDENTS.

## NOTICE OF ASSIGNMENT OF HEARING

**PLEASE TAKE NOTICE** that Shellpoint Mortgage Servicing has filed a motion to approve loan modification and related papers with the Court.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the motion to approve loan modification at 75 Ted Turner Drive, SW, Courtroom 1202, Atlanta, GA at 10:00 AM on August 18, 2016.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: July 19, 2016

                                       BY:  /s/  Travis E. Menk
                                       Travis E. Menk
                                       Brock & Scott, PLLC
                                       Attorney For Movant
                                       State Bar No. 632610

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:
DAVIS MCALLAN SEYMOUR
LANITA MARIE SEYMOUR                     CASE NO. 14-71376-pmb
     DEBTORS.
                                         CHAPTER 13 PROCEEDING

SHELLPOINT MORTGAGE SERVICING
        MOVANT,                          CONTESTED MATTER

VS.
DAVIS MCALLAN SEYMOUR, Debtor
LANITA MARIE SEYMOUR, Debtor
ADAM M. GOODMAN, Trustee,

     RESPONDENTS.

## CERTIFICATE OF SERVICE

I, Travis E. Menk, certify that I am over the age of 18 and that on the 19th day of July, 2016, I served a copy of the foregoing Motion to Approve Loan Modification and Notice of Hearing by electronic mail or first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Davis McAllan Seymour
LaNita Marie Seymour
1565 Smithson Ct
Lithonia, GA 30058

Carson R. Walden
Walden, Goodhart, Harden & New
Suite 757
315 W. Ponce de Leon Avenue
Decatur, GA 30033

Adam M. Goodman
Suite 200
260 Peachtree Street
Atlanta, GA 30303

BY:  /s/ Travis E. Menk
Travis E. Menk
Brock & Scott, PLLC
Attorney For Movant
State Bar No. 632610